**LEE v. W. & A. FLETCHER CO. et al.**

(Circuit Court of Appeals, Third Circuit. March 10, 1925.)

No. 3186.

**I. Admiralty ⬅⟳20—Claim for death of employee of company engaged in scraping and repairing vessel held maritime claim, within admiralty jurisdiction.**

Where company was engaged in maritime service of scraping and repairing vessel, and was entitled to maritime lien, *held*, claim for death of employee from fall down dark hatchway was maritime claim, within admiralty jurisdiction.

**2. Admiralty ⬅⟳20—Claim for death of employee held one based on maritime tort, within admiralty jurisdiction.**

Claim for death of employee of company engaged in scraping and repairing vessel from

fall into open, unlighted hatchway, while vessel was lying in navigable waters, *held* a claim involving a maritime tort, inflicted on navigable waters, while injured party was performing maritime service, and within admiralty jurisdiction.

**3. Admiralty ⚏20 — Jurisdiction of federal courts sitting in admiralty not ousted by state workmen's compensation laws.**

State workmen's compensation laws do not oust jurisdiction of constitutionally vested powers of federal courts sitting in admiralty.

**4. Admiralty ⚏1—Admiralty does not relinquish jurisdiction, except on ground that such course will not work prejudice to relief which could be extended by admiralty jurisdiction.**

Admiralty does not relinquish jurisdiction, except on ground that such course will not interfere with or preclude relief that could be extended by admiralty jurisdiction, or that such course will not detract from exercise of powers and peculiar sphere of admiralty courts.

**5. Admiralty ⚏20 — Libel in personam for death of employee of company scraping and repairing vessel held peculiarly within admiralty jurisdiction.**

A libel in personam in admiralty for death of employee of company engaged in scraping and repairing vessel, from fall down open, unlighted hatchway, involving matters peculiar to navigation, *held* within admiralty jurisdiction, notwithstanding state workmen's compensation laws.

Appeal from the District Court of the United States for the District of New Jersey; Wm. N. Runyon, District Judge.

Libel in admiralty in personam by Michael Lee, administrator ad prosequendum of the estate of Michael Lee, deceased, against the W. & A. Fletcher Company and others. From orders of dismissal, libelant appeals. Appeal sustained, and record remanded, with directions to vacate order.

Julius A. Kepsel, of Jersey City, N. J. (Degheri & Kepsel, of Jersey City, N. J., of counsel), for appellant.

Jacob Schneider and Joseph C. Paul, both of Newark, N. J., and John A. Hartpence, of Jersey City, N. J., for appellees.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below, Michael Lee, administrator, filed a libel in personam in admiralty against Fletcher Company, American Hawaiian Steamship Company, and United American Lines, Inc., to recover damages for the death of Michael Lee. After answers filed, the court, on motion of Fletcher Company, dismissed the libel as to it, and subsequently,

on motion of the other two companies, also dismissed it as to them. Thereupon libelants took this appeal.

For present purposes, we assume as the facts of the case, the allegations of the libel as follows:

"(3) That on said 1st day of September, 1921, said vessel Franklin was on the Hudson river, upon navigable waters, which at said time was tied up to, near, or at the dock of the respondent W. & A. Fletcher Company, at Hoboken, in the county of Hudson, being painted by the said W. & A. Fletcher Company.

"(4) On said 1st day of September, 1921, the intestate of the libelant was working on said vessel, pursuant to his employment.

"(5) On said 1st day of September, 1921, while intestate of libelant was lawfully on board said vessel, he was killed through the negligence of the respondents.

"6. The negligence of the respondents consisted in this: That they negligently and carelessly allowed and permitted the deck of said vessel to be in darkness, without any lights, and allowed and permitted a large anchor to be on said deck alongside an open hatchway, without any light or warning of its presence, and allowed and permitted said hatchway to be open and unguarded, and without any light or warning, and as intestate of libelant was lawfully on said vessel, by reason of the aforesaid negligence of the respondents, he was caused to fall down said open hatchway and was killed."

Answers traversing these allegations and setting up substantial defenses were filed by all parties, and in the case of Fletcher Company there was added that decedent was a workman employed by it in New Jersey, and that by reason of the New Jersey Workmen's Compensation Act (Laws N. J. 1911, p. 134) the court below had no jurisdiction, and the libelant's remedy was in the state courts under such Compensation Act. This latter defense the court sustained, and on motion of Fletcher Company dismissed the bill as to it, basing its action on the cases of Grant v. Rohde, 257 U. S. 469, 42 S. Ct. 157, 66 L. Ed. 321, 25 A. L. R. 1008, as follows:

"The circumstances in the foregoing Oregon case are so similar to the circumstances of the present case, and the provisions of the Oregon Compensation Law, so far as the main features are concerned, are so nearly akin to the provisions of the New Jersey Workmen's Compensation Act, that, in my opinion, the reasoning and opinion of the Supreme Court can, to all intents and pur-

poses, be applied bodily to the case under consideration."

In our judgment, the facts in that case and the questions there raised and decided were different from those here involved, and the decision of the present case cannot be rested on the ground adopted by the court below, namely, that "the opinion of the Supreme Court can, to all intents and purposes, be applied bodily to the case under consideration."

The relation of admiralty jurisdiction to the workmen's compensation acts of the several states, has arisen in various cases cited in the briefs of present counsel. They have had our consideration, but without attempting a discussion or reconciling of them, and confining ourselves to the questions raised by the facts involved in the present case, we are led to these conclusions:

[1] First. The present case is not one of ship construction, as was the fact in the Oregon case, but one of ship repair after a voyage. The scraping and repainting Fletcher Company was doing to the Franklin after her return to port was a maritime service, and one for which it was entitled to a maritime lien. Such being the case, it follows the subject-matter of the present case was a maritime one, and of such the court below had jurisdiction.

[2] Second. The pleaded claim and averred negligence, viz. a hatchway, open at night, unlighted, unguarded, and without warning, on the deck of a vessel lying in navigable waters and being refitted for a voyage by the decedent, made the case one where, if injury, by negligence, happened to such workman, the claim was one involving a maritime tort inflicted on navigable waters, and while the injured party was performing a maritime service.

Third. The cited case was one between a shipbuilder and his employee, and no question of liability of the ship or of a maritime tort were there involved. Here, in addition to the liability of the decedent's employer and the question raised by it of the effect of the state compensation act, we have a maritime tort charging negligence on the part of the vessel's owners toward one, a stranger, so far as contract relations were concerned, but to whom they owed a duty of due care by reason of his permissive, and indeed invited, presence on their ship. The libelant's right of action against them is for a maritime tort committed on navigable waters, and by the answer of the vessels the jurisdiction of the court was conceded, and no question was raised as to the state compensation law.

[3, 4] Such being the undisputed facts, and the tort charged being a maritime one occurring on navigable waters, it follows the court below had jurisdiction, unless it was shorn thereof by the state compensation laws, or unless, for sufficient reasons, it surrenders its jurisdiction to the state courts and relegates the libelant to his rights under the Workmen's Compensation Act. That the state statute ousted the jurisdiction of the constitutionally vested powers of the federal courts, sitting in admiralty, cannot be conceded, and whenever admiralty does relinquish its jurisdiction, it does so on the ground that such course will not interfere with, or preclude the relief that could be extended by the admiralty jurisdiction, or that course will not detract from the exercise of the powers and peculiar sphere of courts of admiralty.

And here lies the impelling reason for the admiralty, in this particular case, asserting its jurisdiction. This case involves the care of hatches and liability for neglect to guard or close them—a subject of the greatest importance in navigation, and the cause of many accidents on shipboard. Indeed, it is peculiarly one which concerns admiralty, and one where the pronouncements of the law on that subject and a maintenance of uniformity of decision therein make admiralty peculiarly fitted to fulfill.

[5] Inasmuch, therefore, as we have heretofore shown that admiralty has jurisdiction to adjudicate this case, we see no reason why, on the facts disclosed by the pleadings, that court should, and substantial reason why it should not, surrender its jurisdiction to the state court.

In accordance with these views, the appeal is sustained, and the record will be remanded, with direction to vacate the orders of dismissal, and to proceed in due course.